THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ISABEL VALENCIA-PEREZ,

        Plaintiff,

v.

DARYL SCHERMERHORN, in his individual capacity and "JANE DOE" SCHERMERHORN, as a marital community; STEVEN MALPEZZI, in his individual capacity and "JANE DOE" MALPEZZI, as a marital community,

        Defendants.

No. C 08-0920 RSM

**ANSWER**

Defendants, Daryl Schermerhorn, "Jane Doe" Schermerhorn, Steven Malpezzi, and "Jane Doe" Malpezzi, by and through their undersigned counsel, hereby answer plaintiff's complaint (the "Complaint") on information and belief as follows:

**INTRODUCTION**

Neither admit nor deny the allegations in the paragraph of the Complaint entitled "Introduction" because they describe the legal basis for the Complaint and/or are legal conclusions as to which no answer is required except expressly deny that defendants violated plaintiff's civil rights.

ANSWER
Case No. C 08-920 RSM

# I. PARTIES, JURISDICTION AND VENUE

1.1. Deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1.1 of the Complaint.

1.2. Neither admit nor deny the allegations in paragraph 1.2 of the Complaint because they constitute legal conclusions and/or the legal basis for the Complaint as to which no answer is required except admit that Daryl Schermerhorn and "Jane Doe" Schermerhorn are husband and wife.

1.3. Neither admit nor deny the allegations in paragraph 1.3 of the Complaint because they constitute legal conclusions and/or the legal basis for the Complaint as to which no answer is required except admit that Steven Malpezzi and "Jane Doe" Malpezzi are husband and wife.

1.4. Neither admit nor deny the allegations in paragraph 1.4 of the Complaint because they constitute legal conclusions and/or the legal basis for the Complaint as to which no answer is required.

1.5. Neither admit nor deny the allegation in paragraph 1.5 of the Complaint because it constitutes the legal basis for the complaint and/or a legal conclusion as to which no answer is required.

# II. STATUS OF DEFENDANTS

2.1. Deny the allegations in paragraph 2.1 of the Complaint except admit that on or about June 12, 2006, defendants were employees of the U.S. Customs and Border Protection, a component agency of the U.S. Department of Homeland Security.

2.2. Neither admit nor deny the allegation in paragraph 2.2 of the Complaint because they constitute the legal basis for the complaint and/or a legal conclusion as to which no answer is required.

# III. FACTS

3.1. Deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 3.1 of the Complaint.

3.2. Deny the allegations in paragraph 3.2 of the Complaint except admit that on June 12, 2006, defendants were U.S. Border Patrol Agents.

3.3. Deny the allegations in paragraph 3.3 of the Complaint except admit that defendants encountered plaintiff on June 12, 2006 in the City of Mount Vernon.

3.4. Deny the allegations in paragraph 3.4 of the Complaint except admit that on June 12, 2006, defendants were driving an unmarked government vehicle and were dressed in business casual clothes.

3.5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.5 of the Complaint regarding what plaintiff "observed" or who, if anyone, was "around him" at the time.

3.6. Deny the allegations in paragraph 3.6 of the Complaint except admit that defendant Schermerhorn approached plaintiff.

3.7. Deny the allegations in paragraph 3.7 of the Complaint.

3.8. Deny the allegations in paragraph 3.8 of the Complaint.

3.9. Deny the allegations in paragraph 3.9 of the Complaint.

3.10. Deny the allegation in paragraph 3.10 of the Complaint except admit that defendant Malpezzi identified himself to plaintiff.

3.11. Deny the allegations in paragraph 3.11 of the Complaint.

3.12. Deny the allegations in paragraph 3.12 of the Complaint except admit that officers from the Mount Vernon Police Department arrived and subsequently transported plaintiff to the Mount Vernon Police Department.

3.13. Deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 3.13 of the Complaint regarding the population of Mount Vernon, Washington. Deny the remaining allegations in paragraph 3.13 of the Complaint.

3.14. Deny the allegation in paragraph 3.14 of the Complaint.

//

## IV. FIRST CAUSE OF ACTION

4.1. Defendants restate each and very response set forth above in paragraphs 1.1 through 3.14 as if fully set forth herein.

4.2. Deny the allegations in paragraph 4.2 of the Complaint.

4.3. Deny the allegations in paragraph 4.3 of the Complaint.

## V. SECOND CAUSE OF ACTION

5.1. Defendants restate each and very response set forth above in paragraphs 1 through 4.3 as if fully set forth herein.

5.2. Deny the allegations in paragraph 5.2 of the Complaint.

5.3. Deny the allegations in paragraph 5.3 of the Complaint.

## VI. PRAYER FOR RELIEF

The section of the Complaint beginning with "WHEREFORE"contains the plaintiff's prayer for relief. To the extent that an answer is required, defendants deny that plaintiff is entitled to any of the relief prayed for therein.

Any allegation set forth in the Complaint not heretofore answered is specifically denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the Complaint, in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

Defendants are immune from personal liability.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

### FIFTH AFFIRMATIVE DEFENSE

Defendants did not proximately cause any damage to plaintiff.

//

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exercise ordinary care.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to allege additional affirmative defenses.

WHEREFORE, having fully answered the Complaint against them, defendants respectfully pray that this Court enter judgment in its favor and against plaintiff and grant such other and further relief as this Court deems just and equitable.

DATED: November 28, 2008          Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

By: _____/s/_____
ELLEN M. FITZGERALD
Assistant United States Attorney